**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:**

ROBERT LIVINGSTONE,
*individually and on behalf of all*
*others similarly situated*,                                                  CLASS ACTION

       **Plaintiff,**                                                                          JURY TRIAL DEMANDED

**v.**

SEMPER LASER LLC,

       **Defendant.**
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Robert Livingstone ("Plaintiff"), *individually and on behalf of all others similarly situated*, brings this class action against Defendant Semper Laser LLC ("Defendant") and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

**NATURE OF THE ACTION**

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.      Defendant sells laser hair removal services.

3.      Defendant engages in unsolicited text message marketing, including to individuals who have registered their telephone numbers on the National Do-Not-Call Registry, and to those who have not provided Defendant with their prior express written consent as required by the TCPA.

4.      Defendant's unsolicited text message spam caused Plaintiff and Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy,

1

and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and Class Members' telephones.

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the intrusion upon seclusion, invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Class members.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## PARTIES

6.      Plaintiff is a *sui juris* resident of Broward County, Florida.

7.      Defendant is a Florida limited liability company with a principal of business in Miami-Dade County, Florida at 5740 Sunset Drive, Miami, Florida 33143.  Defendant directs, markets, and/or provides substantial business activities throughout the State of Florida.

## JURISDICTION, AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  This is a civil action arising under the laws of the United States because Plaintiff and Class Members bring this action under the TCPA.

9.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed telemarketing and/or advertising text messages into Florida. Specifically, Defendant initiated and directed the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in Florida.  Plaintiff's telephone number has an area code that specifically coincides with locations in Florida, and Plaintiff received such messages while residing in and physically present in Florida.

10.     Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391 because the cause of action alleged below arose in Miami-Dade County.

11.     All facts giving rise to this action occurred in the State of Florida.

## **FACTS**

12.     In or about January through March 2024, Defendant caused the following automated text messages to be transmitted to Plaintiff's cellular telephone number:







13.     Overall, in or about November 2023 through March 2024, Defendant caused over fifteen (15) similar automated text messages to be transmitted to Plaintiff's cellular telephone number.

14.     As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales calls was to solicit the sale of consumer goods and/or services.

15.     The messages also advertise and call attention to Defendant's goods and/or services.

16.     Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

17.     Plaintiff utilizes his cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line. In other words, Plaintiff's cellular telephone is Plaintiff's home telephone number and Plaintiff makes and receives personal calls on his cellular telephone. Moreover, Plaintiff's cellular telephone is the primary means of reaching Plaintiff at

his residence.

18.     Plaintiff was in the United States when Plaintiff received the above text message calls, and Defendant's violative conduct occurred in substantial part in the United States.

19.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and Class Members.

20.     To transmit the above telephonic sales text message call, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and Class Members' telephone numbers.

21.     To send the text messages, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit blasts of text messages automatically and without any human involvement. The Platform automatically made a series of calls to Plaintiff's and Class Members' stored telephone numbers with no human involvement after the series of calls were initiated utilizing the Platform. Defendant's use of generic text messages (depicted above) further demonstrates that Defendant utilizes automated dialing systems to mass transmit solicitation texts to consumers.

22.     Upon information and belief, the Platform had the capacity to use a random or sequential number generator to either store or produce phone numbers to be called.

23.     Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and Class Members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

24.     Defendant would be able to conduct its business operations without sending

automated text messages to consumers.

25.     Defendant would be able to send automated text messages to consumers, and in compliance with the TCPA, by securing the proper consent from consumers prior to sending text messages.

26.     Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

27.     Accordingly, it is not impossible for Defendant to comply with the TCPA in the context of transmitting text messages.

28.     The burden and cost to Defendant of securing consent from consumers that complies with the TCPA is nominal.

29.     Compliance with the TCPA will not result in Defendant having to cease its business operations.

30.     Compliance with the TCPA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

31.     Compliance with the TCPA will not force Defendant to seek regulatory approval before undertaking any type of commercial transaction.

32.     The Platform has the capacity to select and dial numbers automatically, which was in fact utilized by Defendant.

33.     The Platform has the capacity to schedule the time and date for future transmission of text messages, which was in fact utilized by Defendant.

34.     The Platform also has an auto-reply function that results in the automatic transmission of text messages.

35.     Plaintiff never provided Defendant with express written consent authorizing

Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number.

36.     Defendant's telephonic sales calls caused Plaintiff and Class Members harm, including inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASS

37.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The Classes that Plaintiff seeks to represent (collectively, the "Classes") are defined as:

> **DNC Class: All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) who the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**

> **ATDS Class: All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) to whom Defendant initiated one or more text message calls; (2) to their cellular telephone; (3) using an automatic telephone dialing system; (4) regarding Defendant's property, goods, or services; (5) without express written consent to receive marketing text messages.**

38.     Plaintiff reserves the right to modify the Classes definitions as warranted as facts are learned in further investigation and discovery.

39.     Defendant and their employees or agents are excluded from the Classes.  Plaintiff does not know the number of members in the Classes but believes Class Members number in the several

thousands, if not more.

**NUMEROSITY**

40.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent.  The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

41.     The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery.  Identification of Class Members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

42.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes.  Among the questions of law and fact common to the Classes are:

(a)  Whether Defendant initiated telephonic sales calls to Plaintiff and Class Members;

(b)  Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

(c)  Whether Defendant placed solicitations to individuals who registered their telephone numbers on the National Do-Not-Call Registry; and

(d)  Whether Defendant is liable for damages, and the amount of such damages.

43.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and Class Members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

44.     Plaintiff's claims are typical of the claims of Class Members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF CLASS MEMBERS**

45.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

46.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

47.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain Class members are not parties to such actions.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)**
**(On Behalf of Plaintiff and the DNC Class)**

56.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-18, 24-30, and 34-46 as if fully set forth herein.

57.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

58.     Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

59.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

60.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

61.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

62.     As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

**COUNT II**
**VIOLATIONS OF 47 U.S.C. § 227(b)(1) AND 64.1200(a)(1)-(2)**
**(On Behalf of Plaintiff and the ATDS Class)**

56.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-46 as if fully set forth herein.

57.     The TCPA prohibits calls to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1).

58.     Calls that introduce an advertisement or constitute telemarketing require the "prior express written consent" of the consumer. 47 C.F.R. § 64.1200(a)(2).

59.     Defendant violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to send telemarketing text messages to Plaintiff and members of the ATDS Class without their prior express written consent.

60.     As a result of Defendant's conduct as alleged herein, Plaintiff and members of the ATDS Class suffered actual damages and, under section 47 U.S.C. § 227(b)(3), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the members of the DNC Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert Livingstone, on behalf of himself and members of the DNC Class and ATDS Class, prays for the following relief:

a.      An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b.      An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

c.      An order declaring that Defendant's actions, as set out above, violate the TCPA;

d.      An injunction requiring Defendant to comply with 47 U.S.C. § 227(c), 47 C.F.R. 64.1200(c), 47 U.S.C. § 227(b)(1), and 47 C.F.R. 64.1200(a)(1)-(2);

e.      An award of attorney's fees, costs, and interest, as allowed by applicable law; and

f.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and members of the Classes hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Date:  March 19, 2024.

Respectfully Submitted,

/s/ Zane C. Hedaya
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*